IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASSEEME HARRIS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-2431** |
| | : | |
| MARFROSA LAMAS, *et al.*, | : | |
| Defendants. | : | |

<u>**MEMORANDUM**</u>

**SÁNCHEZ, C.J.**                                                                   **NOVEMBER 12, 2020**

Plaintiff Asseeme Harris appears to have abandoned this case shortly after filing it.

Accordingly, for the following reasons, the Court will dismiss this case for failure to prosecute.

**I.      PROCEDURAL HISTORY**

Harris initiated this civil action by filing a Motion to Proceed *In Forma Pauperis*, a

Complaint, and a Motion for Appointment of Counsel, all of which were dated April 10, 2020.

(ECF Nos. 1-3.)  At the time, he was incarcerated at SCI-Albion.  Due to delays resulting from

the pandemic caused by the novel coronavirus, Harris's filings were not docketed until June 3,

2020.  On June 23, 2020, the Court sent Harris a "Notice of Guidelines for Representing

Yourself (Appearing 'Pro Se') in Federal Court," which informed Harris, among other things,

that he was obligated to keep his address current with the Court by filing a notice of change of

address with the Clerk of Court within fourteen days of an address change.  (ECF No. 4 at 1-2

(citing Local Rule 5.1(b)).)

On July 23, 2020, the Court issued an order denying Harris's Motion to Proceed *In*

*Forma Pauperis* without prejudice because he failed to provide a certified copy of his prisoner

account statement in accordance with 28 U.S.C. § 1915(a)(2).  (ECF No. 5.)  The Order also

denied Harris's Motion for Appointment of Counsel without prejudice to reassertion. (*Id.*) The

Order was mailed to Harris on July 27, 2020 at the address for SCI-Albion. On September 3,

2020, the United States Postal Service returned that mail to the Court with the notation "Unable

to Forward." (ECF No. 6.)

A search of the Pennsylvania Department of Corrections' inmate locator website

reflected that Harris was no longer incarcerated within that system.[1] Accordingly, in a

September 16, 2020 Order, the Court directed Harris to show cause within thirty days why the

case should not be dismissed for failure to prosecute. (ECF No. 7.) The Court recognized Harris

would not receive the Order at his old address, but explained that "if Harris intend[ed] to

prosecute his case and contact[ed] the Clerk's Office about the status of his case, he [would]

become aware of the Court's orders and [would] then be able to respond and provide a current

address." (*Id.* at 1 n.1.) On October 1, 2020, the Postal Service returned the mail to the Court,

and Harris has not responded to the Order even though the time for doing so has expired.

## II.    DISCUSSION

Since the Court has no ability to contact Harris to determine whether he intends to

proceed with this case, the Court will consider whether it is appropriate to dismiss this case for

---

[1] Courts have held that release from prison does not relieve a prisoner of the obligation to pay an initial partial filing fee in accordance with the Prison Litigation Reform Act. *See Drayer v. Att'y Gen. of Del.*, 81 F. App'x 429, 431 (3d Cir. 2003) (per curiam) ("We agree with the District Court's reasoning that once [plaintiff's] fee obligations under the PLRA accrued, his subsequent release from prison did not relieve him of his obligation under the PLRA to pay the initial fee . . . ."); *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."); *see also Stewart v. Wackenhut Corr. Corp.*, Civ. A. No. 01-731, 2006 WL 1623268, at *1 (E.D. Pa. June 8, 2006). That initial partial filing fee is calculated based on the financial information in the plaintiff's prison account statement. So, Harris would still be obligated to submit his prison account statement in accordance with § 1915(a)(2), despite his release.

failure to prosecute.[2]  Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action

for "failure of the plaintiff to prosecute or comply with these rules or order of court."  *See* Fed.

R. Civ. P. 41(b).  Ordinarily, a court determining whether to *sua sponte* dismiss a case because of

a plaintiff's failure to prosecute must consider several factors in reaching its decision, as set forth

in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) (the "*Poulis* factors").

*See, e.g.*, *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994).  However, an analysis under

*Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication

impossible.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam)

("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or

where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible,

a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*,

292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the

six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes

adjudication of the matter impossible." (citing cases)).

---

[2] Harris's Complaint raises claims, pursuant to 42 U.S.C. § 1983, against prison officials
and employees at SCI-Chester, based on an incident that happened on April 16, 2018, when he
was injured by a dog associated with a program at the prison, and an allegedly retaliatory
transfer.  (ECF No. 2 at 2-4.)  Harris alleges that he addressed his claims through the prison
grievance process; he received a "final appeal decision" on his grievance on August 23, 2018.
(*Id.* at 5.)  As it appears that the two-year statute of limitations has, by this point, expired —
although the Court does not expressly decide this issue — any dismissal of this case would
effectively be with prejudice.  *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387
(2007) (explaining that in § 1983 actions, federal courts apply the statute of limitations
governing personal injury claims in the state where the cause of action arose); *Pearson v. Sec'y
Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015) ("[W]e have concluded that the PLRA is a
statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts
administrative remedies."); *Harrison v. Coker*, 587 F. App'x 736, 740 n.5 (3d Cir. 2014) ("[T]he
statute of limitations has run for all of the plaintiffs' claims, and therefore the dismissal is
effectively one with prejudice.").  In other words, a dismissal without prejudice does not appear
to be an option here.

Some courts have reasonably concluded that when a plaintiff has failed to keep his address current with the Court and therefore cannot receive and respond to court orders, his conduct renders adjudication impossible, such that an analysis of the *Poulis* factors is not required. For example, in *McLaren v. New Jersey Dep't of Educ.*, the district court issued an order granting the *pro se* plaintiff leave to proceed *in forma pauperis*, but that order was returned by the Postal Service as undeliverable despite having been sent to the address the plaintiff provided. 462 F. App'x 148, 148 (3d Cir. 2012) (per curiam). A notification that the complaint had been received was likewise returned. *Id.* Approximately five months after issuing its initial order, the district court "entered a notice of call for dismissal" pursuant to a local rule providing for dismissal of a case after 120 days of inactivity; the notice was also returned as undeliverable. *Id.* at 148-49. The district court subsequently dismissed the case without prejudice and the plaintiff appealed. *Id.* at 149.

The United States Court of Appeals for the Third Circuit concluded that the district court appropriately dismissed the case without balancing the *Poulis* factors because the plaintiff's failure to provide an up-to-date mailing address and the consequent return of court orders as undeliverable left the district court with "little choice as to how to proceed." *Id.* at 149. In affirming the dismissal, the Third Circuit observed that,

> although courts are normally required to consider whether a lesser sanction would be appropriate, "[t]he district court could not contact [the plaintiff] to threaten [her] with some lesser sanction. An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."

*Id.* (quoting *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1998)) (alterations in original). *McLaren* has been interpreted as permitting dismissal without considering the *Poulis* factors when a plaintiff cannot be contacted because he failed to keep his address current with the court. *See Crews v. Resnick*, Civ. A. No. 16-978, 2017 WL 1232182, at *1 (E.D. Pa. Apr. 4, 2017)

("[T]he plaintiff's failure to notify the court of his change of address would, in itself, warrant dismissal of this action without prejudice without considering the factors set forth in [*Poulis*]."); *Welch v. City of Philadelphia*, Civ. A. No. 11-4670, 2012 WL 1946831, at *3 (E.D. Pa. May 30, 2012) (concluding that analysis of *Poulis* factors was not required where "it appear[ed] that [plaintiff] left prison months ago and ha[d] not provided this Court or the Defendants with his current address"); *see also Brewington v. Tritt*, Civ. A. No. 15-1362, 2016 WL 1658332, at *2 (M.D. Pa. Apr. 5, 2016) (observing that the decision in *Welch*, interpreting *McClaren,* "aptly noted the conundrum faced by courts dealing with vanished litigants in the Rule 41(b) context; specifically, that the *Poulis* balancing test works best when a court can hear from both sides and then determine the extent of the party's personal responsibility and whether the party acted in bad faith, a task made difficult when Plaintiff has neither furnished an up-to-date address nor responded to his opponents' allegations regarding his failure to prosecute." (internal quotations and alterations omitted)), *report and recommendation adopted*, 2016 WL 1640008 (M.D. Pa. Apr. 26, 2016).  Most courts have nevertheless addressed the *Poulis* factors in an abundance of caution, so the Court will take the same approach here.

 *Poulis* sets forth six factors to consider when determining whether to dismiss an action due to a plaintiff's failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted).  Not all of the *Poulis* factors must be satisfied in order for a court to dismiss a complaint.  *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003); *Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (per curiam).

As to the first *Poulis* factor, the extent of the party's personal responsibility, it is Harris's sole responsibility to prosecute his case and comply with Court orders. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (explaining that "a pro se plaintiff is personally responsible for complying with the court's orders" and "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (where litigant was proceeding pro se, any failure to comply with orders was attributable to him). As a pro se litigant, Harris is likewise responsible for keeping his address current with the Court. *See Carey*, 856 F.2d at 1441 (observing that "[a] party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address"); *Stephen v. United States Attorney Gen.*, Civ. A. No. 18-CV-0615, 2020 WL 832914, at *3 (M.D. Pa. Jan. 10, 2020) ("With regard to the first *Poulis* factor, the responsibility to keep the Court informed of his current address was solely Plaintiff's."), *report and recommendation adopted,* 2020 WL 820192 (M.D. Pa. Feb. 19, 2020). The docket reflects that Harris received the Court's standard notice informing him of his responsibility to keep his address current in accordance with Local Rule 5.1(b), and warning him that failure to do so "could result in Court orders or other information not being timely delivered, which may result in your case being dismissed for failure to prosecute . . . ." (ECF No. 4 at 1.) However, Harris has not updated his address with the Court and, accordingly, cannot receive Court orders or prosecute this litigation. This factor, therefore, weighs in favor of dismissal.

The second factor, prejudice to the defendants, also weighs in favor of dismissal. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871 (3d Cir. 1984).

"[W]hile 'prejudice' for the purpose of *Poulis* analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware,* 322 F.3d at 222.  It is unclear how this case could proceed without plaintiff's participation.  "Simply put, there is no way for Defendants to defend against Plaintiff's claims in his absence." *Stephen*, 2020 WL 832914, at *3.  Accordingly, requiring any putative defendants to proceed in this context would be prejudicial.

The third factor, a history of dilatoriness, is neutral here.  This factor must be assessed over the lifetime of the case, keeping in mind that "conduct that occurs one or two times is insufficient." *Briscoe*, 538 F.3d at 261.  In the instant case, although much of the delay is attributable to the pandemic caused by the novel coronavirus, Harris has not provided the Court with an up-to-date address.  While Harris has not shown a history of dilatoriness here, his failure to update his address suggests an intention to abandon this case.

The fourth factor, whether plaintiff's conduct was willful or in bad faith, is neutral because the Court cannot say whether Harris's "failure to update his address was 'willful' or 'in bad faith' because, given his unknown whereabouts, we cannot ask him." *Welch*, 2012 WL 1946831, at *3; *see also El-Hewie v. Paterson Pub. Sch. Dist.*, Civ. A. No. 13-5820, 2015 WL 5306255, at *4 (D.N.J. Sept. 10, 2015) (where a litigant "has been silent, and that silence is ambiguous" the court could not conclude that litigant acted willfully or in bad faith for purposes of the fourth *Poulis* factor).  However, Harris is presumably aware of his obligation to keep his address current with the Court and has failed to do so.   Nevertheless, on this record, Harris's failures are more consistent with negligence or inadvertence as opposed to bad faith.

An examination of the fifth factor, the effectiveness of sanctions other than dismissal, reveals that no other sanction would be effective because Harris is proceeding pro se, is likely unable to pay monetary sanctions given his request to proceed *in forma pauperis*, and because

the Court has no way of imposing those sanctions without the ability to contact Harris.  *See*

*Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012) (per curiam) ("Because Adonai–

Adoni proceeded pro se and in forma pauperis, monetary sanctions were not a viable form of

alternative sanction."); *see also McLaren*, 462 F. App'x at 149 ("[A]lthough courts are normally

required to consider whether a lesser sanction would be appropriate, the district court could not

contact the plaintiff to threaten her with some lesser sanction." (internal citations and alterations

omitted)); *Lear v. Dahaus*, Civ. A. No. 03-1156, 2006 WL 1508667, at *3 (W.D. Pa. May 31,

2006) ("The fifth *Poulis* factor weighs in favor of dismissal for failure to prosecute, given that

Plaintiff cannot be contacted, it is difficult to see how any lesser sanction, of which Plaintiff

cannot be made aware, would serve the interests of justice or judicial economy.").

        Lastly, regarding the sixth factor, a claim is considered meritorious when the allegations

of the complaint, if established at trial, would support recovery.  *See Poulis*, 747 F.2d at 869-70.

Harris generally asserts failure to protect claims based on allegations that he was seriously

injured when he was bit by a pit-bull that was coaxed by its handler, an inmate participating in

the "WAGS dog program," to attack him.  (ECF No. 2 at 3.)  He also alleges that he was

transferred in retaliation for filing a grievance about the incident.  At this early stage of the

litigation, based solely on the Complaint, it is possible that at least some of Harris's claims

against some of the named Defendants may have merit.  However, if Harris cannot be reached by

the Court or the defendants once they are joined, it not possible to move this litigation forward.

*See Welch*, 2012 WL 1946831, at *4 ("[W]hen neither the Court nor opposing counsel can reach

the plaintiff because he has not furnished an up-to-date address (as is the case here), and when

plaintiff has not responded to his opponents' allegations regarding his failure-to-prosecute (also

the case here), we have no choice but to act on the information before us; Plaintiff has, in

essence, made adjudication of the case impossible.").  A plaintiff must pursue his claims, rather

than abandon them, if he is to recover.  Harris's conduct is simply "incompatible with

maintaining a lawsuit."  *Stephen*, 2020 WL 832914, at *4; *Smith v. Atlas Fitness Incorporation

*Sys.*, Civ. A No. 10-1021, 2011 WL 3608601, at *3 (M.D. Pa. July 20, 2011) ("Since no party is

actively litigating this case at present it is impossible to assess what merit, if any, there may be to

these claims."), *report and recommendation adopted*, 2011 WL 3608594 (M.D. Pa. Aug. 16,

2011).

      In sum, upon balancing the *Poulis* factors, the Court finds that they weigh in favor of

dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to

prosecute.  Simply put, there is no way for this litigation to progress without Harris's

participation.  An Order follows, which dismisses this case.


                                                **BY THE COURT:**



                                                **/s/ Juan R. Sánchez**
                                                **JUAN R. SÁNCHEZ, C.J.**